GARY M. RESTAINO
United States Attorney
District of Arizona

MONICA B. KLAPPER
Assistant United States Attorney
Arizona State Bar No. 013755
Monica.Klapper@usdoj.gov

PETER SEXTON
Assistant United States Attorney
Arizona State Bar No. 011089
Peter.Sexton@usdoj.gov

☐ FILED    ☒ LODGED

**Mar 10 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

☐ FILED    ☒ LODGED

**Apr 11 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 21-00266-001-PHX-GMS |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Ira Jeffrey Gaines, | |
| Defendant. | |

Plaintiff, United States of America, and Defendant Ira Jeffrey Gaines hereby agree to resolve this matter on the following terms and conditions:

**1.    PLEA**

Defendant will plead guilty to the Information, charging Defendant with a violation of 15 U.S.C. § 77e, sale of unregistered securities, a class D felony offense.

**2.    MAXIMUM PENALTIES**

a.    Pursuant to 15 U.S.C. § 77x, a violation of 15 U.S.C. § 77e is punishable by a maximum fine of $10,000, a maximum term of imprisonment of 5 years, or both, and a term of supervised release of 3 years.  The maximum term of probation is 5 years.

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing

Reform Act of 1984, the Court shall order Defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c. The Court is required to consider the Sentencing Guidelines in determining Defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction, unless there are stipulations to the contrary that the Court accepts, as requested in this case.

**3. AGREEMENTS REGARDING SENTENCING**

a. <u>Stipulations</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant stipulate that:

(1) Defendant shall receive a sentence of probation.

(2) For tax years 2020 and forward, Defendant shall file all personal and business tax forms due to the IRS (including payroll-related tax forms) and shall pay all personal and business income taxes due to the IRS (including payroll-related).

(3) Defendant shall cooperate with IRS civil compliance related to any outstanding tax liabilities.

b. <u>Restitution</u>. An offense listed under 18 U.S.C. 3663A(c)(1) gave rise to this plea agreement. Pursuant to 18 U.S.C. § 3663 and/or 3663A, Defendant specifically agrees to pay restitution of $98,614.70 to all victims directly or proximately harmed by the

defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant understands that such restitution will be included in the Court's Order of Judgment. Defendant agrees to pay the restitution balance ($98,614.70) in full at least seven days prior to sentencing. Once restitution and all remaining monetary penalties (including fines and special assessments) are paid in full, the U.S. Attorney's Office will no longer require an accounting of assets as described in subparagraph c. below.

c. <u>Assets and Financial Responsibility</u>. Defendant shall, upon request, make a full accounting of all assets in which he has any legal or equitable interest. Defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). Defendant also expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report as to Defendant to evaluate his ability to satisfy any financial obligation imposed by the Court. Defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of Defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, Defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

d. <u>Acceptance of Responsibility</u>. If Defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding his commission of the offense, and Defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If Defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense

level pursuant to U.S.S.G. § 3E1.1(b).

**4.      AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.      Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss the Indictment against Defendant.

b.      This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.      COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.      If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give Defendant the opportunity to withdraw the guilty plea under Fed. R. Crim. P. 11(c)(5).

b.      If Defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute Defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, Defendant waives all objections, motions, and defenses based upon the statute of limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. Defendant understands that any statements made at the time of his change of plea or sentencing may be used against him in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.      WAIVER OF DEFENSES AND APPEAL RIGHTS**

Defendant waives: (1) all motions, defenses, probable cause determinations, and objections that he could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against him, or any aspect of his sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a

compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion Defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7.      DISCLOSURE OF INFORMATION**

a.      The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.      Any information, statements, documents, and evidence that Defendant provides to the United States pursuant to this agreement may be used against him at any time.

c.      Defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)      criminal convictions, history of drug abuse, and mental illness; and

(2)      financial information, including present financial assets or liabilities that relate to the ability of Defendant to pay a fine or restitution.

**8.      FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect Defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture in the event the obligations herein are not met. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court as set forth herein, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property Defendant receives may be offset and applied to federal debts (which offset will not affect

the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9. ELEMENTS**

**Sale of Unregistered Securities (15 U.S.C. § 77e)**

Between 2017 and 2020, in the District of Arizona:

1. Defendant caused securities to be carried through interstate commerce; to wit, through electronic wire transmissions;

2. The transfer was for the purpose of the sale of the securities or delivery upon sale of the securities;

3. The securities were not properly registered at the time of the transfer; and

4. Defendant acted willfully; that is, knowing that the securities were not properly registered.

**10. FACTUAL BASIS**

Defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

Between 2017 and 2020, I engaged in numerous securities sales knowing that the underlying securities were not properly registered with the Securities and Exchange Commission. I engaged in this conduct in relation to stock sold over the counter with stock ticker symbols CURR, LVVV, GRNH, and ADMQ. By way of example, between April 4 and April 8, 2019, I directed the sale of 20,500,000 shares of GRNH stock knowing that the securities were not properly registered with the SEC. These sales were conducted by interstate wire transmission.

Defendant shall swear under oath to the accuracy of this statement and, if Defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in Defendant's testimony may subject Defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this

agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement, and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and

may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

_3/6/2023_
Date

Ira Jeffrey Gaines
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with my client. No assurances, promises, or representations have been given to me or to my client by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

MArch 8, 2023

Date

Dennis I. Wilenchik
Timothy Grimm
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

MONICA KLAPPER  Digitally signed by MONICA KLAPPER
Date: 2023.03.09 12:27:54 -07'00'

Date

Monica B. Klapper
Peter Sexton
Assistant U.S. Attorneys

**ACCEPTANCE BY THE COURT**

4/11/2023

Date

Honorable G. Murray Snow
United States District Judge